STATE EX REL. JOSEPH A. McCAULEY v. H. E. WARREN.[1]

July 12, 1935.

No. 30,554.

*John L. Connolly* and *Louis P. Sheahan,* for appellant (respondent below).

*Kerr & O'Neill,* for respondent (relator below).

I. M. OLSEN, JUSTICE.

Action, by *mandamus,* on the relation of Joseph A. McCauley, herein referred to as plaintiff, against H. E. Warren, commissioner

[1]Reported in 261 N. W. 857.

of public safety of the city of St. Paul, herein referred to as the defendant, to require defendant to reinstate plaintiff to the position of superintendent of the bureau of police and fire alarm telegraph of said city.

The district court granted the writ, and from the judgment ordering the issuance of the writ the defendant appeals.

The government of the city of St. Paul is divided into a number of departments. Each department is again divided into certain bureaus. One councilman is designated by the mayor as head of each of some of these departments. In other cases a commission is provided to head a department. The councilman, designated as head of a department, has the title of commissioner of that department. One of the departments provided by the charter is the department of public safety, and in that department are a number of bureaus, among them the bureau of police and fire alarm telegraph. The defendant, Councilman H. E. Warren, is the commissioner of the department of public safety. The charter provisions, in reference to the bureau mentioned and its commissioner and employes, read as follows:

"**Composition.**—Sec. 381. The said commissioner of public safety shall be the head and in full charge and control of the bureau of police and fire alarm telegraph, and which shall be composed as follows:

"A superintendent of the said bureau, who shall possess such qualifications as the council shall prescribe, and at such compensation as it shall fix, and such other employes, operators, linemen as the council shall provide and at such compensation as it shall determine; all of whom are to be appointed in accordance with the provisions of the charter and enactments in pursuance thereof.

"**Powers and duties.**—Sec. 382. The said bureau shall have full charge, management and control of the construction, maintenance and operation of the telegraph, telephone and alarm systems of the department of public safety, and shall have such powers and duties as the council by administrative ordinance shall provide and prescribe."

The plaintiff was appointed and has served as superintendent of this bureau since the time the charter was adopted in 1914, except for temporary layoffs in his position. The officers and employes of the city of St. Paul serve under civil service rules, as provided in chapter 7 of the charter. Among the rules required by § 101 of the charter, we find, under subd. L, that the rules shall provide "for discharge or reduction either in rank or compensation after appointment or promotion only when the person to be discharged or reduced has been presented with the reasons for such discharge or reduction, specifically stated in writing and has been allowed a reasonable time to reply thereto in writing. The reasons and the reply must be filed as a public record with the Commissioner." A hearing is then had before a designated board on the charges preferred. The commissioner in that case is the comptroller of the city government. In subd. K of said section the rules are required to provide "for suspensions for not longer than thirty days, and for leaves of absence."

By an order or notice served upon the plaintiff on December 1, 1934, the defendant laid off or suspended the plaintiff from his position as superintendent of said bureau for an indefinite period and has ever since failed to reinstate him. The suspension was on the ground of lack of funds wherewith to pay plaintiff's salary as superintendent of said bureau. No other employe of the bureau was suspended or laid off. In so separating the plaintiff from his employment, the commissioner acted under ordinance No. 3250½, § 44, which reads as follows:

"Whenever it becomes necessary in any bureau, for lack of work or funds, or for other causes, to reduce the force in any employment in such bureau, the persons serving in such employment shall be laid off in the inverse order of their certification and appointment."

The phrase "the force in any employment in such bureau," if the superintendent is included, should be construed to include all employed in the same service, in this case all those employed in the operation and maintenance of the police and fire alarm telegraph

system. That appears to be the only reasonable intent and construction thereof. The budget is in one sum for that purpose. When a deficiency occurs, there is no more deficiency in the money available for the salary of the superintendent than for that of any other employe or officer in the bureau. The defendant could not arbitrarily lay off or discharge the superintendent and retain others in less important positions, irrespective of length of service.

It appears from the evidence that there are ordinarily a few more than 20 persons, besides the superintendent, employed in this bureau. For the year 1934 the budget of expenses provided for the bureau by the council was $40,058. It further appears that at the time plaintiff was laid off on December 1, 1934, there was a deficiency in the budget fund of said bureau, which, when salaries for the month of December were taken into consideration, would amount to some $5,000. The city council made some transfers of items from other funds and some other provisions for taking care of this deficiency, except as to the salary of the plaintiff for December. On January 1, 1935, the budget for the year 1935 became operative. The budget provisions for salaries and expenses of the bureau in question for the year 1935 is $40,040. That budget allowance will not cover the present salaries and expenses of the bureau for the full year, but will leave a deficiency of some amount at the end of the year. There are, however, funds budgeted for the bureau which would carry all its salaries and expenses, including the salary for the superintendent, until late in the year.

The trial court in its findings, among other things, found substantially as we have stated, and that there are sufficient funds available at the present time to pay plaintiff's salary; that the position of superintendent of police and fire alarm telegraph has been vacant since the first day of December, 1934; that the plaintiff has not been separated from the public service by having charges filed against him in the manner prescribed by the charter and the civil service rules. There are also findings that in July, 1934, charges were filed against the plaintiff, and he was temporarily suspended; that he answered said charges; that there was a trial thereof before the board of referees appointed pursuant to L. 1933, c. 409,

and that plaintiff was acquitted of such charges and was reinstated to his position. The court concluded that the plaintiff was entitled to reinstatement to the position of superintendent of the bureau of police and fire alarm telegraph, effective as of December 1, 1934, and directed that a writ of *mandamus* issue commanding the defendant to reinstate the plaintiff as superintendent of said bureau. Judgment was so entered.

1. The question presented for review is whether the defendant had authority, under § 44 of ordinance No. 3250½, hereinbefore quoted, to suspend the plaintiff from his position as superintendent of said bureau indefinitely on the ground of the temporary deficiency in funds in the budget for said bureau. This involves a construction of that section of the ordinance in connection with the rules of the civil service as contained in the ordinance. The civil service rules classify the different employes in the several departments of the city by grades. In substance, the claim for defendant is that because the superintendent of this bureau has a different grade than other employes in said bureau he should be held to be the only man in said bureau in such employment; that he should be held to be in a class by himself in employment in that bureau, and therefore that seniority of service or appointment did not apply. In this we think the defendant erred. The civil service schedule in the ordinance in question, § 6, comprises all the persons employed in the bureau of fire protection and the bureau of police and fire alarm telegraph, divided only into grades. If there was a lack of funds for the salaries and expenses in the bureau of police and fire alarm telegraph, the suspension, discharge, or layoff would have to be in the inverse order of appointment, and the suspension could continue only until there were available funds.

The only persons specified in the charter for positions in the bureau are the commissioner and the superintendent of the bureau. Other employes are to be such as the council shall provide. To say that because there was a small deficiency of funds budgeted for the bureau in December, 1934, the commissioner could, without other cause, discharge or lay off indefinitely the superintendent of the bureau, who held the highest grade of employment therein, does

not seem reasonable. The intention of the city council, as shown by the ordinance, clearly is that there shall be at all times a superintendent of the bureau, and it is apparent that a bureau of this size, with the number of employes that the work requires, could not very well operate without supervision. There are, besides the superintendent, apparently two assistant superintendents. Why lay off the superintendent and retain the assistants? Quite clearly there can be no distinction as to service between the superintendent and his assistants. Again, as appears from the evidence, a layoff for want of funds should not have extended in any event beyond January 1, 1935.

2. It is urged that *mandamus* is not the proper remedy and that the court cannot, in a *mandamus* proceeding, inquire into the validity of the reasons for the discharge or suspension of an employe under the civil service rules. *Mandamus* has been generally used and sustained in these cases where employes have been discharged or suspended without legal cause, and was an appropriate remedy in this case.

The judgment appealed from is affirmed.